UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
WINSTAR HOLDINGS, LLC and           : Case No. 07 Civ. 4634 (GEL)
IDT CORP.,                          :
                                    :                **ANSWER**
              Plaintiffs,           :
                                    :
       -against-                    :
                                    :
THE BLACKSTONE GROUP LP;            :
IMPALA PARTNERS, LLC; and           :
CITICORP                            :
                                    :
              Defendants.           :
                                    :
------------------------------------x

Defendant Impala Partners, LLC ("Impala"), by and through its attorneys, Herrick, Feinstein LLP, as and for its Answer to the Complaint (the "Complaint") filed by plaintiffs Winstar Holdings, LLC and IDT Corp., hereby respectfully alleges as follows:

1. Impala admits that plaintiffs spent approximately $42.5 million to acquire the business assets of Winstar Communications, Inc. ("WinstarC"), and denies all of the other allegations contained in paragraph "1" of the Complaint.

**PARTIES**

2. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint, except refers to that certain Asset Purchase Agreement dated December 18, 2001 for the truth of what is stated therein.

3. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint, except denies there were any losses.

4. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5. Impala admits the allegations contained in paragraph "5" of the Complaint, except avers that it was also serving as Chief Restructuring Officer of WinstarC.

6. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint, except denies that Citicorp acted as Impala's principal.

## JURISDICTION AND VENUE

7. Impala denies the allegations contained in paragraph "7" of the Complaint.

8. Impala denies the allegations contained in paragraph "8" of the Complaint.

9. Impala denies the allegations contained in paragraph "9" of the Complaint.

## ALLEGATIONS

10. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Impala admits the allegations contained in paragraph "13" of the Complaint.

14. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17. Impala admits the allegations contained in paragraph "17" of the Complaint, except avers that Impala was retained by WinstarC and denies that Impala was "motivated to obtain the highest possible sale price."

18. Impala denies the allegations contained in paragraph "18" of the Complaint.

19. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint, except admits that Blackstone prepared an offering statement and denies that Impala assisted with the preparation of the offering statement to any extent beyond supplying data and projections to WinstarC as to WinstarC's costs and burn rate, and denies that Impala "controlled bidder access to Winstar staff, and Winstar records".

20. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint, except admits that Impala assisted in the development of financial data and presentations relating to WinstarC's costs and burn rate to WinstarC's Board of Directors, and occasionally, at the request of WinstarC, to creditors of WinstarC.

21. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

23. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint.

26. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint, except admits that Paul Street was and is a partner in Impala and performed certain services for WinstarC on behalf of Impala.

27. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint.

28. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint, except denies those allegations as they relate to Impala.

29. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint, except denies those allegations as they relate to Impala.

30. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint, except denies those allegations as they relate to Impala.

31. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint, except denies those allegations as they relate to Impala.

32. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint, except denies those allegations as they relate to Impala.

33. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint, except denies those allegations as they relate to Impala.

34. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

35. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint.

36. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint, except denies those allegations as they relate to Impala.

37. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint, except denies those allegations as they relate to Impala.

38. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Complaint.

39. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint.

40. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Complaint.

41. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Complaint, except denies those allegations as they relate to Impala.

42. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Complaint.

43. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Complaint, except denies those allegations as they relate to Impala.

44. Impala admits the allegations contained in paragraph "44" of the Complaint.

45. Impala admits the allegations contained in paragraph "45" of the Complaint.

46. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Complaint.

47. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Complaint.

48. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of the Complaint.

49. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Complaint.

50. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Complaint, except denies those allegations as they relate to Impala.

### ANSWERING THE FIRST CAUSE OF ACTION

51. With respect to the allegations contained in paragraph "51" of the Complaint, Impala repeats and realleges each and every allegation set forth in paragraphs "1" through "50" above as if set forth in full herein.

52. Impala denies the allegations contained in paragraph "52" of the Complaint.

53. Impala denies the allegations contained in paragraph "53" of the Complaint.

54. Impala denies the allegations contained in paragraph "54" of the Complaint.

55. Impala denies the allegations contained in paragraph "55" of the Complaint.

56. Impala denies the allegations contained in paragraph "56" of the Complaint.

57. Impala denies the allegations contained in paragraph "57" of the Complaint.

58. Impala denies the allegations contained in paragraph "58" of the Complaint.

59. Impala denies the allegations contained in paragraph "59" of the Complaint.

60. Impala denies the allegations contained in paragraph "60" of the Complaint.

61. Impala denies the allegations contained in paragraph "61" of the Complaint.

62. Impala denies the allegations contained in paragraph "62" of the Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

63. With respect to the allegations contained in paragraph "63" of the Complaint, Impala repeats and realleges each and every allegation set forth in paragraphs "1" through "62" above as if set forth in full herein.

64. Impala denies the allegations contained in paragraph "64" of the Complaint.

65. Impala denies the allegations contained in paragraph "65" of the Complaint.

66. Impala denies the allegations contained in paragraph "66" of the Complaint.

67. Impala denies the allegations contained in paragraph "67" of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

68. With respect to the allegations contained in paragraph "68" of the Complaint, Impala repeats and realleges each and every allegation set forth in paragraphs "1" through "67" above as if set forth in full herein.

69. Impala denies the allegations contained in paragraph "69" of the Complaint.

70. Impala denies the allegations contained in paragraph "70" of the Complaint.

71. Impala denies the allegations contained in paragraph "71" of the Complaint.

72. Impala denies the allegations contained in paragraph "72" of the Complaint.

73. Impala denies the allegations contained in paragraph "73" of the Complaint.

74. Impala denies the allegations contained in paragraph "74" of the Complaint.

75. Impala denies the allegations contained in paragraph "75" of the Complaint.

76. Impala denies the allegations contained in paragraph "76" of the Complaint.

77. Impala denies the allegations contained in paragraph "77" of the Complaint.

78. Impala denies the allegations contained in paragraph "78" of the Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

79. With respect to the allegations contained in paragraph "79" of the Complaint, Impala repeats and realleges each and every allegation set forth in paragraphs "1" through "78" above as if set forth in full herein.

80. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "80" of the Complaint, except admits that Impala is experienced with respect to corporate cost-containment measures.

81. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "81" of the Complaint.

82. Impala denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "82" of the Complaint.

83. Impala denies the allegations contained in paragraph "83" of the Complaint, except admits that it is experienced and skilled in rendering restructuring advice and has done so in numerous transactions.

84. Impala denies the allegations contained in paragraph "84" of the Complaint.

85. Impala denies the allegations contained in paragraph "85" of the Complaint.

86. Impala denies the allegations contained in paragraph "86" of the Complaint.

87. Impala denies the allegations contained in paragraph "87" of the Complaint.

88. Impala denies the allegations contained in paragraph "88" of the Complaint.

89. Impala denies the allegations contained in paragraph "89" of the Complaint.

90. Impala denies the allegations contained in paragraph "90" of the Complaint.

### ANSWERING THE FIFTH CAUSE OF ACTION

91. With respect to the allegations contained in paragraph "91" of the Complaint, Impala repeats and realleges each and every allegation set forth in paragraphs "1" through "90" above as if set forth in full herein.

92. Impala denies the allegations contained in paragraph "92" of the Complaint.

93. Impala denies the allegations contained in paragraph "93" of the Complaint.

94. Impala denies the allegations contained in paragraph "94" of the Complaint.

95. Impala denies the allegations contained in paragraph "95" of the Complaint.

96. Impala denies the allegations contained in paragraph "96" of the Complaint.

97. With respect to the unnumbered paragraph of the Complaint, beginning with "WHEREFORE" that comprises plaintiffs' prayer for relief and judgment, Impala denies that plaintiffs are entitled to any of the relief requested therein, or to any relief whatsoever.

### As and for a First Affirmative Defense

98. The Fifth Cause of Action, for Civil Conspiracy, fails to state a cause of action, because Civil Conspiracy is not an independent cause of action.

### As and for a Second Affirmative Defense

99. To the extent that plaintiffs suffered any damages, those damages were caused by their own conduct, including, without limitation, their changes in the nature and use of the assets they acquired.

### As and for a Third Affirmative Defense

100. To the extent that plaintiffs suffered any damages, those damages were caused by their own conduct, including, without limitation, their negligence in conducting due diligence with respect to the purchase of WinstarC's assets.

### As and for a Fourth Affirmative Defense

101. Plaintiffs' claims are barred by the doctrine of estoppel.

### As and for a Fifth Affirmative Defense

102. Plaintiffs' claims are subject to an order of the Bankruptcy Court for the District of Delaware, pursuant to which that court has exclusive jurisdiction over the claims made in the Complaint.

### As and for a Sixth Affirmative Defense

103.    Plaintiffs' claims for misrepresentation and fraud are barred by the Complaint's failure to plead the circumstances of the wrong with particularity, as required by Fed. R. Civ. P. 9(b).

### As and for a Seventh Affirmative Defense

104.    Plaintiffs' claims are barred by the applicable statutes of limitations, which are the three-year limitations imposed on all of Plaintiffs' claims by Delaware law.

WHEREFORE, defendant Impala Partners LLC demands judgment in its favor: (a) (i) dismissing the Complaint in its entirety with prejudice; (b) awarding Impala the costs and disbursements of this action; and (c) awarding such other and further relief as this Court deems just and proper.

Dated:  New York, NY
        June 11, 2007

HERRICK, FEINSTEIN LLP

_____
John Oleske (JO-0995)
2 Park Avenue
New York, NY 10016
212.592.1400
Attorneys for Defendant Impala Partners LLC

HF 3650820v.3 #88888/0181 06/11/2007 02:03 PM