IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WINSTAR HOLDINGS LLC and IDT CORP., <br><br> Plaintiffs, <br> v. <br><br> THE BLACKSTONE GROUP LP, IMPALA PARTNERS, LLC and CITICORP, <br><br> Defendants. | C.A. No. 07-828-GMS |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO REFER CASE TO THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

Plaintiffs Winstar Holdings LLC and IDT Corp. ("Plaintiffs"), by and through their undersigned counsel, hereby file this brief Response to Defendants' Motion to Refer Case to the United States Bankruptcy Court for the District of Delaware ("Motion" or "Defendants' Motion"). In support thereof, Plaintiffs respectfully represent as follows:

1. In their Motion, Defendants state that "Defendants have made reasonable efforts to reach an agreement with Plaintiffs on the matters set forth above; however, an agreement could not be reached." Motion at 3. The Defendants' assertion notwithstanding, Plaintiffs do not object to referral of this action to the bankruptcy court as a procedural matter, and twice informed Defendants of this fact. Plaintiffs made clear on each occasion, however, that they reserved their rights to seek remand from the Delaware Bankruptcy Court.

2. Prior to the Defendants' filing of the Motion, Defendants circulated to Plaintiffs a proposed motion for referral with the goal of submitting a consensual form of motion and order for approval by this Court. That proposed motion, however, completely ignored the reservations sought by Plaintiffs. In response, on January 25, 2008, Plaintiffs sent Defendants a revised, proposed motion to refer that explicitly reserved Plaintiffs rights to seek a remand of this action.

But rather than negotiate language acceptable to all parties, on January 29, 2008, Defendants filed the present Motion (which, again, fails to provide for any reservation of Plaintiffs' rights).

3. Defendants' Motion, moreover, contains unnecessary and misleading statements. For instance, the Motion repeatedly observes that the Asset Purchase Agreement contained a forum selection clause, without adding that none of the defendants was, in fact, a party to that agreement. Similarly, the Defendants argue that the bankruptcy court is the proper forum for disputes regarding breach of that agreement, without adding that there is no claim in this lawsuit for breach of that agreement. Therefore (and understandably), Plaintiffs vigorously dispute whether this action is one "arising in" the Winstar bankruptcy, and they do not believe that this important question should be taken as a premise or presumption in a procedural motion such as the one *sub judice*.

4. To reiterate, Plaintiffs do not object to referral of this action to the bankruptcy court as a procedural matter. Notwithstanding such consent, Plaintiffs do not acknowledge or concede that this Court or the bankruptcy court has, or may exercise, subject matter jurisdiction over this action. Plaintiffs did not - and do not - want a largely procedural measure to have any impact on their substantive rights to seek remand, and thus reserve any and all rights respecting same.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court (a) grant the Motion conditioned upon the reservation of all of Plaintiffs' rights, and (b) grant Plaintiffs such other and further relief as the Court deems just and proper.

Dated: February 12, 2008                    Respectfully submitted,

                                                             GRAYSON & KUBLI, P.C.
Alan M. Grayson, Esq.
Melissa A. Roover, Esq.
8605 Westwood Center Drive, Suite 410
Vienna, Virginia 22182
(Tel.) 703-749-0000

-and-

ASHBY & GEDDES, P.A.

_____
William Bowden (#2553)
Ricardo Palacio (#3765)
Benjamin W. Keenan (#4724)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(Tel.) 302-654-1888

*Attorneys for Plaintiffs Winstar Holdings LLC and IDT Corp.*

188144.1